J-S16013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LARRY T. ZGURO | |
| Appellant | No. 1448 MDA 2014 |

Appeal from the Judgment of Sentence May 23, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002285-2006

BEFORE: PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 27, 2015**

Appellant, Larry T. Zguro, appeals from the judgment of sentence imposed after the trial court revoked his sentence of probation. The only issue on appeal is whether the sentence imposed was excessive, considering Zguro's medical and rehabilitative needs. After careful review, we affirm.

In 2006, Zguro entered a negotiated guilty plea to three counts of theft by unlawful taking, arising from allegations that he had posed as a home buyer to steal jewelry from homes on the market. The trial court sentenced Zguro to a term of imprisonment of 4 to 23 months, to be followed by three years of probation. Zguro was immediately paroled and transferred pursuant to a Massachusetts detainer.

After Zguro was paroled in Massachusetts, he failed to report to his Pennsylvania probation officer. On April 27, 2011, his probation officer

learned that Zguro was serving a prison sentence in Nevada on charges of receiving stolen property. Zguro was eventually extradited to Pennsylvania, and on August 13, 2012, the trial court revoked his probation, closed his jail sentence, and reinstated his sentence of probation. His supervision was then transferred to Nevada, where Zguro resided.

On March 27, 2013, Zguro's probation officer learned that Zguro was once again in violation of his sentence by failing to report. Shortly thereafter, his probation officer issued a detainer under the Interstate Compact. Nevada authorities arrested Zguro on April 7, 2013, and held him pursuant to the detainer. Upon talking to Zguro by telephone the next day, the officer learned that Zguro was suffering from prostate cancer. The officer attempted to lift the detainer in order to avoid the expense of extradition of a seriously ill offender, but such an action was deemed unavailable under the Interstate Compact.

The officer contacted Zguro again and informed him that the detainer was still active. Zguro promised that he would pay off the balance of his restitution and costs in order to have his case closed. Later that day, Zguro left a message for his probation officer, claiming that he just missed the overnight mail, and that the money would be sent the next day. It never arrived.

Zguro again contacted his probation officer, claiming that he had been transferred to California to treat his medical condition. The probation officer requested documentation of Zguro's hospitalization, but never received any.

In February 2014, Zguro was arrested on the detainer while gambling at a casino in Nevada. Zguro claimed that he could pay off his restitution and costs from his gambling winnings, but no payment was ever made. At the same time, Zguro accrued new charges of swindling a 75-year-old woman out of nearly $20,000 in 2012. At the time of his revocation hearing, Zguro had outstanding warrants in Massachusetts and Colorado.

After reviewing Zguro's history, and receiving evidence of his medical condition, the trial court imposed a sentence of imprisonment of 18 to 36 months and a consecutive 3 year probationary sentence. However, the trial court gave Zguro 29 days to pay his restitution to his Dauphin County victims, in which case he would be released from prison.

Zguro's counsel filed post-sentence motions, which the trial court denied, but no timely direct appeal was filed. On August 8, 2014, Zguro's direct appellate rights were reinstated *via* a Post Conviction Relief Act petition asserting that counsel had been ineffective *per se* for failing to file an appeal. This appeal followed.

On appeal, Zguro raises only one issue. He contends that the sentence imposed by the trial court was excessive considering his medical condition. Zguro concedes that this raises a challenge to the discretionary

aspects of his sentence. *See* Appellant's Brief, at 8. Our review of revocation proceedings includes review of the discretionary aspects of the sentence imposed. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id*. "Our

inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation omitted); *see also* Pa.R.A.P. 2119(f).

In the present case, Zguro's appellate brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. Zguro argues in his Rule 2119(f) statement that the sentence imposed by the trial court was excessive, and that the trial court failed to consider his need for rehabilitation, as required by 42 Pa.C.S.A. § 9721(b). This raises a substantial question for our review. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012).

We cannot conclude that the trial court abused its discretion. Zguro has been given multiple opportunities to close this case out and pay restitution to his victims; he has taken advantage of none of those opportunities. Furthermore, Zguro has a significant history of absconding from supervision, as well as a significant criminal history. The trial court also indicated that part of the reason for imposing a lengthy period of incarceration was to place Zguro in a state institution, which would be better equipped to handle his medical condition. Finally, it must be noted that Zguro was given yet another opportunity to avoid this prison sentence by paying his restitution within 29 days of being sentenced. Nothing about the

sentence imposed is unreasonable. We therefore conclude that Zguro's issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/27/2015