J-A24003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ABRAHAM R. CORDOVA | |
| Appellant | No. 2624 EDA 2014 |

Appeal from the Judgment of Sentence May 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005840-2013

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 06, 2015**

Appellant, Abraham Cordova, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after Cordova pled *nolo contendere* to charges of attempted murder, attempted rape, burglary, and possession of an instrument of crime.  Cordova argues that the aggregate sentence of 25 to 50 years of imprisonment imposed by the trial court was excessive.  We disagree, and therefore affirm.

At Cordova's *nolo contendere* colloquy, Cordova did not challenge the following factual basis for his plea, as presented by the Commonwealth.

> [At around midnight on the night at issue, Cordova] had given a woman by the name of Mary a ride home.  [Cordova] thought that he was owed something by that woman and attempted to

---

[*] Retired Senior Judge assigned to the Superior Court.

get into her home. Mary is not the complainant in the case. She shut the door on [Cordova], [Cordova] became enraged and angry and went around back to the apartment complex in order to gain access to that woman's apartment. Unfortunately, the actual complainant in this case, [L.K.,] who is a 63 year old woman, … was in her apartment, … getting ready for bed. So at this point in time [Cordova] crawled through her kitchen window, which was cracked open slightly. The complaining witness at that point in time was only wearing her underwear because she was changing for bed. [Cordova] then, utilizing brass knuckles, beat the complaining witness in the head between five to 10 times. He also beat her over the rest of her body, her arms, her abdomen, her back, he beat her so badly that she actually, as a result, lost all vision in her left eye. The doctor advised her it will have to be removed and a glass eye would replace it. She also had to have multiple staples in her head, as well as stitches.

In the course of [] beating the complaining witness with the brass knuckles [Cordova] also began to attempt to pull down and grab the complaining witness's panties, and at that time that was all she was wearing. The beating of the complaining witness and her screams were so loud that the neighbor actually heard her and called 911. He could hear the beating and the hitting through the walls and could also hear the complaining witness scream and heard the defendant utter one phrase "mother fucker" during the incident. The police officers arrived, [Cordova] left through the back window leaving the complaining witness at that point. … When the police officers arrived the complaining witness couldn't move, she could barely talk. The blood in the apartment was so extreme that they couldn't tell what happened to her. … Also, she had significant swelling to the brain, it was unsure at that point if this was going to cause brain damage. As of this time they are still unsure of the extent of how the injuries will affect the complainant. She will lose her left eye as a result.

In addition to that she spent approximately over three months in the hospital at Jefferson.

N.T., Plea hearing, 1/24/14, at 15-17. Cordova did not contest this factual

summary, but pled *nolo contendere* to the charges, claiming that he did not,

in fact, intend to either rape or murder L.K. The trial court requested that a

Pre-Sentence Investigation ("PSI") be performed and submitted, and scheduled a sentencing hearing.

At sentencing, the Commonwealth conceded, for tactical purposes, that the possession of an instrument of crime conviction merged for sentencing purposes with the burglary conviction. The Commonwealth argued that the circumstances of the convictions called for an aggregate term of imprisonment of 30 to 60 years. Cordova presented evidence of his difficult upbringing in Guatemala, his lack of formal education, a harrowing experience emigrating to the United States, and his inability to find stable employment here. Cordova then requested an aggregate sentence of 3.5 to 7 years of imprisonment.

The trial court found that Cordova had utilized a deadly weapon, the brass knuckles, in the commission of the crimes. As a result, it utilized the deadly weapon enhancements provided in the guidelines, and imposed the following consecutive sentences of imprisonment: 15 to 30 years for attempted murder, 5 to 10 years for attempted rape, and 5 to 10 years for burglary.

Cordova filed a timely motion for reconsideration of sentence, which the trial court denied. This timely appeal followed.

On appeal, Cordova contends that the trial court abused its discretion by imposing an excessive sentence. Cordova concedes that this argument

constitutes a challenge to the discretionary aspects of his sentence. *See* Appellant's Brief, at 12.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005).

"Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. (citation omitted). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts*

underlying the appeal, which are necessary only to decide the appeal on the merits." **Id**. (citation omitted); **see also** Pa.R.A.P. 2119(f).

In the present case, Cordova's appellate brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. Cordova argues in his Rule 2119(f) statement that the imposition of consecutive sentences, as opposed to concurrent sentences, by the trial court was excessive. Cordova also argues that the trial court failed to consider his rehabilitative needs. Finally, Cordova contends that the trial court did not consider the guidelines in imposing the sentence for burglary, as it imposed a sentence outside the guideline ranges. We will address these separate assertions in sequence.

First, Cordova argues that the trial court abused its discretion in imposing "virtually a life sentence[,]" which is unlikely to expire during his natural life span. Appellant's Brief, at 12-14. Cordova concedes that the sentences for attempted murder and attempted rape were within the guideline ranges. While Cordova highlights the fact that the sentence for burglary was outside the guideline ranges entirely, for purposes of this argument, he focuses on the aggregate term of the sentence as excessive. We will address Cordova's argument regarding the burglary sentence individually later in this memorandum.

"[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (citations omitted). The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. **See id**., at 171-172. A sentence may be excessive where the term is "unlikely to end during the defendant's natural lifespan." **Commonwealth v. Coulverson**, 34 A.3d 135 (Pa. Super. 2011).

Under the circumstances of this case, we conclude that Cordova has successfully raised a substantial question with this argument. However, we conclude that based upon the nature of the incident, the status of the victim as a 63 year old stranger, the horrific injuries sustained by the victim, and the need to protect society from Cordova ever committing such a crime again, the aggregate sentence is not excessive.

Turning to his next argument, Cordova asserts that the trial court violated 42 Pa.C.S.A. § 9721(b) by failing to consider his rehabilitative needs. This raises a substantial question for our review. **See Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012). However, Cordova did not preserve this issue either at the sentencing hearing, or in his post-sentence motion. It is therefore waived. **See** Pa.R.A.P., Rule

302(a); ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006).

Finally, Cordova argues that the trial court abused its discretion by imposing a sentence above even the aggravated range of the guidelines for the burglary conviction without explanation. This also raises a substantial question for our review. ***See*** 42 Pa.C.S.A. § 9721(b). However, once again, Cordova failed to properly preserve this issue in the trial court. It is therefore waived. ***See*** Pa.R.A.P., Rule 302(a); ***Shugars***.

As none of Cordova's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015

- 7 -