J-S67029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LUIS ALBERTO CASTRO | |
| Appellant | No. 153 MDA 2015 |

Appeal from the Judgment of Sentence November 26, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001058-2014

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 26, 2016**

Appellant, Luis Alberto Castro, appeals from the judgment of sentence entered November 26, 2014, in the Court of Common Pleas of Lancaster County.  We affirm.

The factual history of this matter is well known to the parties, so we will rely upon the trial court's recitation of the facts as set forth on pages 1-4 of the March 6, 2015 Rule 1925(a) opinion.  Briefly, Castro was charged with criminal attempt (kidnapping), persons not to possess a firearm, two counts of terroristic threats, one count of simple assault (domestic violence), and one count of recklessly endangering another person.[1]  The charges arose

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 6105(a)(1), 2706(a)(1), 2701(a)(3) and 2705, respectively.

from an incident in which Castro sent threatening text messages to his wife in order to persuade her to leave her place of employment and then attempted to force her into a car at gunpoint. Police responded to the scene and were able to diffuse the situation and arrest Castro. At the police station, the victim gave two written statements memorializing the incident, and showed officers the threating text messages she received from Castro on the day of the assault.

On September 11, 2014, Castro entered an open guilty plea to persons not to possess a firearm. On November 10, 2014, a jury trial commenced on the remaining charges, and Castro was convicted of one count of terroristic threats and simple assault. After reviewing a pre-sentence investigation report, the trial court sentenced Castro to 5-10 years' imprisonment for persons not to possess a firearm, 2½ to five years' imprisonment for terroristic threats, and 1-2 years' imprisonment for simple assault. The convictions were ordered to be served consecutively for an aggregate sentence of 8½ to 17 years in prison. Carson filed a timely motion seeking modification of his sentence, which the trial court denied. This appeal followed.

Castro raises the following issues for our review.

I.  Did the trial court err in denying the Appellant's post sentence motion requesting relief upon review of sentence with respect to available mitigating factors, thus misapplying the sentencing guidelines, thereby abusing its discretion in sentencing the Appellant to an aggregate sentence of 8 1/2 to 17 years in a state correctional institution?

II.     Did the trial court err in denying the Appellant's Motion in Limine seeking to exclude testimony privileged communication between the Appellant and his wife which is protected as confidential communication between spouses.

Appellant's Brief at 6.

Castro first argues that the trial court erred when it allegedly failed to consider certain mitigating factors of record in fashioning his sentence. This argument challenges the discretionary aspects of Castro's sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Castro filed a timely appeal and challenged his sentence in a post-sentence motion. Castro's appellate brief also contains the requisite Rule 2119(f) concise statement, in which he contends that "the [s]entencing [c]ourt failed to properly take into consideration mitigating factors presented

by counsel at sentencing." Appellant's Brief at 11. We must now determine whether Castro's challenge to the discretionary aspects of his sentence raises a substantial question.

"A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014), ***appeal denied***, 117 A.3d 297 (Pa. 2015) (citation omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013) (citation omitted).

Castro's claim that his sentence was excessive because the trial court failed to consider mitigating factors which were of record does not raise a substantial question for our review. "[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1266 (Pa. Super. 2014) (en banc) (quoting ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013)). Here, the trial court had the benefit of reviewing a pre-sentence investigation report, and thus "we can assume the sentencing court was aware of relevant information regarding the

defendant's character and weighed those considerations along with mitigating statutory factors." ***Moury***, 992 A.2d at 171 (internal citations omitted).

Based on the foregoing, we conclude that Castro has not raised a substantial question that the sentence imposed was inappropriate or contrary to a fundamental norm underlying the sentencing code. We are thus compelled to deny allowance of appeal as to the discretionary aspects of sentencing. ***See McAfee***.

Castro also claims that the trial court erred in admitting the threatening text messages he sent to the victim, his wife, in violation of the spousal confidential communication privilege. ***See*** Appellant's Brief at 14. The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." ***Commonwealth v. Tyson***, 119 A.3d 353, 357 (Pa. Super. 2015) (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Ali***, 112 A.3d 1210, 1217 (Pa. Super. 2015) (citation omitted), ***appeal granted in part by***, --- A.3d ----, 2015 WL 7763727 (Pa. Dec. 2, 2015).

The spousal communications privilege states as follows. "Except as otherwise provided in this subchapter, in a criminal proceeding neither

husband nor wife shall be competent or permitted to testify to confidential communications made by one to the other, unless this privilege is waived upon the trial." 42 Pa.C.S.A. § 5914.

> Communications between spouses are presumed to be confidential, and the party opposing application of the rule disqualifying such testimony bears the burden of overcoming this presumption. In order for a confidential communication between spouses to be protected, knowledge must be gained through the marital relationship and in the confidence which that relationship inspires. In order to be protected under § 5914, it is essential that the communication be made in confidence and with the intention it not be divulged. Therefore, whether a particular communication is privileged depends upon its nature and character of the circumstances under which it was said. Accordingly, if the nature of the communication is not imbued with an aura of a sharing disclosure precipitated largely due to the closeness spouses share, then arguably it is not privileged.

***Commonwealth v. McBurrows***, 779 A.2d 509, 514 (Pa. Super. 2001) (internal quotes and citations omitted).

As this Court noted in ***McBurrows***, the spousal communications privilege is not absolute. "[T]here are instances where the circumstances surrounding marital communications indicate that the communications are intended to create or further disharmony in the marital relationship; in those instances, the privilege yields." ***Commonwealth v. Spetzer***, 813 A.2d 707, 719 (Pa. 2002). Thus, statements concerning a husband's actual and contemplated crimes against his wife are removed from the penumbra of the privilege. ***See id***. at 721. "It would be perverse, indeed, to indulge a fiction of marital harmony to shield statements which prove the declarant spouse's utter contempt for, and abuse of, the marital union." ***Id***.

Here, the text messages Castro sent to his wife included threats such as "you wanted psycho, you got it," "I'm going in shooting," and "last chance, come out." N.T., Jury Trial, 11/10/14 at 132, 139. Threats of physical violence "cannot rationally be excluded on the pretext that 'considerations of domestic peace and harmony of the marital relation forbid their disclosure.'" *Spetzer*, 813 A.2d at 721 (citation omitted).[2] As such, the statements were admissible.

Judgment of sentence affirmed.

Judge Bowes joins the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2016

---

[2] We are unpersuaded by Castro's assertion that the threats were made in the spirit of reconciliation.