J-S06014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WADE ALLEN MERRILL | |
| Appellant | No. 1078 MDA 2015 |

Appeal from the Judgment of Sentence June 3, 2015
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000529-2012

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 21, 2016**

Appellant, Wade Allen Merrill, appeals from the judgment of sentence entered after his probationary sentences were revoked. Merrill contends that the trial court abused its discretion in sentencing him to an aggregate sentence of one and one-half to eight years' imprisonment, to be followed by a two-year probationary sentence. After careful review, we affirm.

Pursuant to a negotiated plea agreement, Merrill pled guilty to charges of drug delivery resulting in death, delivery of a controlled substance, criminal conspiracy, and recklessly endangering another person. The trial court sentenced Merrill to a term of imprisonment of 11½ to 23 months on the drug delivery resulting in death charge, to be followed by concurrent 5

_____

[*] Former Justice specially assigned to the Superior Court.

year probationary terms for the delivery of a controlled substance and conspiracy charges, to be followed by an additional 2 year probationary sentence on the recklessly endangering charge.

Merrill served his minimum term of incarceration and was subsequently paroled. Ultimately, he completed the parole term successfully, and began serving his five-year probationary sentences. Thereafter, Merrill admitted to violating his probation by using controlled substances and having contact with one of his acquaintances who had been involved with the incident that led to his initial charges.

Merrill's probations were revoked and the trial court ordered a pre-sentence investigation report ("PSI"). After reviewing the PSI, the trial court imposed sentence as set forth previously. This timely appeal followed.

On appeal, Merrill argues that the trial court abused its discretion in considering the circumstances of the drug delivery resulting death conviction in imposing the sentence after revocation of probation. Our review of revocation proceedings includes review of the discretionary aspects of the sentence imposed. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "Two requirements must be met before we

will review this challenge on its merits." *Id*., at 274 (citation omitted). "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. (citation omitted). Here, Merrill has complied with this requirement by including such a statement. *See* Appellant's Brief, at 12. "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation omitted); *see also* Pa.R.A.P. 2119(f).

While we review challenges to the discretionary aspects of a sentence imposed after probation has been revoked, our scope of review is limited, compared to our review of an original sentence. *See Commonwealth v. Pasture*, 107 A.3d 21, 28-29 (Pa. 2014).

> [W]here the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the

- 3 -

appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Id*.

Merrill contends that the trial court abused its discretion by considering the circumstances of a conviction for which he has already served his sentence. Specifically, Merrill claims that the trial court violated 42 Pa.C.S.A. § 9721 by failing to consider the gravity of the offense at issue and instead considered the gravity of the offense of drug delivery resulting in death. However, Merrill does not identify any authority for the proposition that consideration of the circumstances surrounding the offense is improper. The sentencing court was entitled to consider that the death of an acquaintance due to drug abuse has not dissuaded him from continuing to abuse drugs. We conclude that under *Pasture*, Merrill has failed to raise a substantial question for our review. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016