**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kyle McAFEE Appellant.**

Superior Court of Pennsylvania.

Submitted March 8, 2004.
Filed April 27, 2004.

---

Alston B. Meade, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: HUDOCK, McCAFFERY and POPOVICH, JJ.

HUDOCK, J.

¶ 1 This is an appeal from the judgment of sentence entered after Appellant's probation was revoked. We affirm.

¶ 2 On November 17, 1998, Appellant was tried by a judge sitting without a jury and found guilty of one count of aggravated assault, two counts of recklessly endangering another person, two counts of terroristic threats, one count of simple assault, one count of obstructing the administration of law or other government function, and one count of resisting arrest.[1] On June 18, 1999, the trial court sentenced Appellant to serve an aggregate term of one to two years of incarceration followed by three years of probation to be served under conditions of house arrest on the convictions for aggravated assault, simple assault and terroristic threats. The trial court suspended sentence on the remaining convictions. Appellant's probation was conditioned on several requirements. First, he was ordered to obtain and maintain employment. He also was directed to enroll in a program to obtain his General Educational Development (GED) credentials and to attend anger management and parenting classes. The trial court also ordered Appellant to stay away from Ms. Charlyse Washington, the victim of the offenses underlying his convictions. Ms. Washington is the mother of three of Appellant's children.

¶ 3 Appellant was released on probation on June 27, 2001, and placed under house arrest supervised by the Pennsylvania Board of Probation and Parole. Early in 2002, Appellant stopped reporting to his supervising agent, contrary to the requirements of his probation. He was arrested on March 28, 2002, for an assault against Ms. Washington. This matter was dismissed on August 4, 2002. Nevertheless, a violation of probation hearing (VOP hearing) was held on August 16, 2002. Appellant's probation was continued. Appellant was directed to obtain employment within ninety days, to enroll in parenting classes, to obtain family counseling, and to reside at a specific address until after he successfully completes family counseling and parenting classes. He was explicitly ordered not to reside with Ms. Washington until the classes were successfully completed. However, the "stay away" order was lifted to facilitate family unity. *See* Supervision History (Report of the Pennsylvania Department of Probation and Parole), 10/29/02.

¶ 4 On October 23, 2002, Appellant once again was detained for assaulting Ms. Washington. The trial court conducted a hearing on December 6, 2002, concerning the probation violation that occurred on October 23rd. Appellant was found to be in violation of many of the terms and conditions of his probation, and his probationary status was revoked. Thereafter, the trial court sentenced Appellant to serve two to four years of incarceration and declared him boot camp eligible. Appellant filed a timely *pro se* motion for reconsideration of sentence on December 11, 2002. On that same day, Appellant also filed a timely *pro se* notice of appeal. New counsel was appointed to act on Appellant's behalf. The trial court subse-

---

**1.** 18 Pa.C.S.A. §§ 2702, 2705, 2706, 2701, 5101 and 5104, respectively.

quently denied reconsideration of sentence. On February 25, 2003, the trial court entered an order directing Appellant to file a Rule 1925(b) statement. Appellant complied, and the trial court thereupon filed an opinion.

¶ 5 This appeal raises two issues for our consideration:

1. Whether the trial court abused its discretion by re-sentencing Appellant after a violation of probation hearing, to a sentence of total confinement where Appellant complied with a previous order to obtain employment, and where Appellant did not violate any "stay away" orders, and where allegations of assault were specious and never proven by a criminal conviction?

2. Whether Appellant's counsel at the December 6, 2002 violation of probation hearing was ineffective for failing to challenge the trial court's abuse of discretion in re-sentencing Appellant to a sentence of total confinement by filing a Motion for Reconsideration of Sentence.

Appellant's Brief at v (underlining omitted). Because Appellant has raised a claim of ineffectiveness on direct appeal, we must consider the impact of our Supreme Court's ruling in *Commonwealth v. Grant,* 572 Pa. 48, 67, 813 A.2d 726, 738 (2002), to the effect that ordinarily, ineffectiveness of counsel claims ought to be deferred until post-conviction collateral review. *Grant* does not interpose an absolute rule that ineffectiveness claims always must be deferred. *Commonwealth v. Gonzalez,* 840 A.2d 326, 328 (Pa.Super.2003) (*en banc*). Where the record is adequate to permit appellate review, we may address ineffectiveness claims raised on direct appeal. *Id.* In the present case, we have a trial court opinion and a certified record which is adequate to facilitate our review. We therefore shall address the merits of Appellant's contentions.

¶ 6 Appellant first argues that it was an abuse of discretion for the trial court to impose a sentence of total confinement pursuant to the revocation of his parole. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Simpson,* 829 A.2d 334, 336 (Pa.Super.2003). Two requirements must be met before we will review this challenge on its merits. *Id.* First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. *Id.* Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Id.* at 337. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. *Commonwealth v. Bishop,* 831 A.2d 656, 660 (Pa.Super.2003). In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.*

¶ 7 In the present case, Appellant's brief contains a concise statement that is in technical compliance with the above requirement. Furthermore, his claim that the trial court relied upon incorrect factual assertions when imposing sentence asserts a "substantial question." If a sentencing court considers improper factors in imposing sentence upon a defendant, although the sentence thereby imposed is not rendered illegal, the court has committed an abuse of discretion. *Commonwealth v. Archer,* 722 A.2d 203, 210 (Pa.Super.1998) (*en banc*).

¶ 8 Issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. *Commonwealth v. Watson,* 835 A.2d 786, 791 (Pa.Super.2003). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Id.* This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement. *Id.* In the present case, Appellant's *pro se* petition for reconsideration arguably has preserved the claim now raised on appeal. *See* Petition for Reconsideration of Sentence, 12/11/02. We therefore do not find it to be waived.

¶ 9 Our standard of review in sentencing matters is well settled: imposition of sentence is vested in the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of that discretion. *Commonwealth v. Griffin,* 804 A.2d 1, 7 (Pa.Super.2002). An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. *Id.* "If the sentence is 'not unreasonable,' the appellate court must affirm." *Id.* When imposing a sentence of total confinement, the sentencing judge must state the reasons for the sentence in open court. *Commonwealth v. Reynolds,* 835 A.2d 720, 734 (Pa.Super.2003). Furthermore, the sentencing judge must explain any deviation from the sentencing guidelines. *Simpson,* 829 A.2d at 338. Nevertheless, a lengthy discourse on the trial court's sentencing philosophy is not required. *Id.*

¶ 10 When considering the sentence imposed after probation revocation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. *Commonwealth v. Fish,* 752 A.2d 921, 923 (Pa.Super.2000); 42 Pa. C.S.A. § 9771(b). We note that upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Fish,* 752 A.2d at 923. Pennsylvania law provides that once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court. *Id.*

¶ 11 Appellant contends that the trial court relied on an incorrect factor when imposing sentence. Specifically, he complains that the "stay away" order was lifted on August 16, 2002, and was not in effect when he assaulted the victim on October 23, 2002. Appellant argues that it was improper for the trial court to base any part of its decision upon an order that had been lifted. Furthermore, he contends that it was not a crime for him to poke Ms. Washington in the eye and that this was merely "a case of bad manners." Appellant's Brief at 6. Appellant also contends that Ms. Washington's account of his assault on his four-year-old son is hearsay and cannot serve as the basis for a sentence of total confinement. Finally, he asserts that he did have a job at the time of the sentencing hearing, contrary to the trial court's finding, and that "the authority of the [trial] court did not need vindication." *Id.* These contentions misrepresent

the record and the trial court's sentencing rationale.

¶ 12 Appellant is factually correct in asserting that the "stay away" order was lifted on August 16, 2002. Whether the "stay away" order was in effect in October of 2002 does not alter the fact that Appellant had no right to assault Ms. Washington. Furthermore, the "stay away" order was in effect when Appellant assaulted Ms. Washington on March 23, 2002. The trial court was not limited to a consideration of only the most recent events in Appellant's history. It was not an abuse of discretion for the trial judge to review the entirety of the Supervision History submitted at the hearing by the Pennsylvania Department of Probation and Parole when sentencing Appellant. N.T., 12/6/02, at 4–5 (introducing the report on Appellant's supervision history into evidence). This report indicates that Appellant repeatedly defied the terms of his probation by having contact with Ms. Washington, by staying at her residence in contravention of court order, and in failing to obey the terms of his curfew.

¶ 13 We understand that Appellant was not convicted of criminal assault based on his actions on October 23, 2002. However, this does not alter the fact that Ms. Washington testified at the hearing conducted on December 6, 2002, concerning Appellant's repeated assaults. Ms. Washington did testify that Appellant punched his four-year-old son in the stomach because the child would not (or could not) tell his father where Ms. Washington could be located. N.T., 12/6/02, at 7–8. However, she also stated that Appellant hit her and that he poked her in the eye, as he was in the habit of doing. *Id.* at 8–9, 12. (On cross-examination, the victim indicated her belief that Appellant's action was purposeful and was not an accident. *Id.* at 23.)

For his part, Appellant indicated that the eye injury actually was the fault of the victim, who turned her head while he was poking her so that his finger accidentally jabbed her in the eye. *Id.* at 15–16. We note that Ms. Washington also testified that Appellant threatened her with a hammer as punishment for "messing with" a male friend. *Id.* at 9–10. Photographs of Ms. Washington's injuries were submitted to the trial court. *Id.* at 10–11. The victim further testified that Appellant had hit her on other occasions during the term of his probation. Among other things, Ms. Washington stated that Appellant hit her while she was in the hospital after giving birth to her third child with Appellant. N.T., 12/6/02, at 14–15.

¶ 14 With regard to the alleged improper admission of hearsay concerning Appellant's assault on his four-year-old son, Ms. Washington testified that Appellant told her that he had punched the child. *Id.* at 12–13. The acknowledgment by a party that it was he who was at fault is an exception to the hearsay rule and is admissible as a declaration against interest. Pa. R.E. 803(25)(A). We note, moreover, that defense counsel did not make a timely objection to Ms. Washington's testimony regarding Appellant's assault on her son. *See* N.T., 12/6/02, at 13 (indicating that defense counsel had no further questions and containing no objection to Ms. Washington's testimony). The failure to make a timely and specific objection results in waiver. *Commonwealth v. Duffy*, 832 A.2d 1132, 1136 (Pa.Super.2003).[2] As such, Appellant's claim concerning the admission of alleged hearsay is waived.

¶ 15 Appellant argues that it was improper for the trial court to conclude that he was unemployed. Appellant asserts that on December 6, 2002, he had obtained a job and was working. Appellant's Brief

**2.** The Pennsylvania Supreme Court denied allowance of appeal in *Duffy* on March 1, 2004.

at 5. The trial court acknowledged the fact that Appellant had accepted a job, two days before the hearing. N.T., 12/6/02, at 18. However, in light of the numerous opportunities Appellant was afforded to seek counseling and to pursue a GED, the trial court concluded that this effort on Appellant's part was too little and that it was accomplished far too late. *Id.* at 18–19.

¶ 16 We have carefully inspected the record certified on appeal in light of Appellant's arguments, the Commonwealth's response and the trial court opinion. We see no indication that the trial court applied improper factors when imposing sentence, that the trial court relied on incorrect information or that the trial court acted out of prejudice toward Appellant. The record is very clear that Appellant defied several court orders and refused to comply with the terms of his probation in many different ways. *See* Supervision History (Report of the Pennsylvania Department of Probation and Parole), 10/29/02; N.T., 12/6/02, 3–17 (comprising testimony by Appellant, Appellant's parole agent and the victim). We find that the trial court was justified in concluding that Appellant's conduct indicates a great likelihood that he would continue to assault the victim if he was not imprisoned. Furthermore, we find that the trial court was correct in determining that a sentence of total confinement was necessary to vindicate the authority of the court because Appellant had demonstrated a complete lack of willingness to comply with the multiple court orders entered in this case. We find no abuse of discretion in sentencing, and we affirm the ruling of the trial court.

¶ 17 Appellant next argues that trial counsel was ineffective for failing to file a motion for reconsideration of sentence.

In order to establish a claim of ineffective assistance of counsel, a defendant must show that: 1) the underlying claim is of arguable merit; 2) counsel had no reasonable strategic basis for his action or inaction; and 3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Rivera*, 565 Pa. 289, 304, 773 A.2d 131, 140 (2001), *cert. denied*, 535 U.S. 955, 122 S.Ct. 1360, 152 L.Ed.2d 355 (2002). Counsel cannot be found ineffective for failing to raise a meritless claim. *Id.*

¶ 18 The crux of Appellant's ineffectiveness claim is his contention that had prior counsel filed a motion for reconsideration, there is a reasonable probability that this Court would have vacated the judgment of sentence. Appellant predicates this conclusion on the argument we have already considered and rejected. We cannot find prior counsel ineffective for failing to pursue a meritless claim. *Rivera*, 565 Pa. at 304, 773 A.2d at 140.

¶ 19 Judgment of sentence affirmed.