J-S40042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL C. VETETOE | |
| Appellant | No. 183 MDA 2014 |

Appeal from the Judgment of Sentence January 9, 2014
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000225-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.:          **FILED SEPTEMBER 04, 2014**

Appellant, Michael C. Vetetoe, appeals from the judgment of sentence entered January 9, 2014, by the Honorable Jeffrey A. Smith, Court of Common Pleas of Bradford County.  We affirm.

In the afternoon on May 23, 2013, Vetetoe became involved in a verbal argument with his housemate's girlfriend, Shiella Marie Amons, regarding household chores.  When Amons took her pet pit bull for a walk, Vetetoe came out of the residence with a rifle and shot the dog three times while the dog was walking on a leash close to Amons's right leg.  The dog died as a result of its injuries.

On November 5, 2013, Vetetoe entered an open guilty plea to one count of disorderly conduct, a misdemeanor of the third degree.[1] On January 9, 2014, the trial court sentenced Vetetoe to 30 days to 12 months' imprisonment. This timely appeal followed.

On appeal, Vetetoe raises the following issue for our review:

> The [c]ourt abused its discretion by sentencing the Appellant in the aggravated range because there was not any aggravating circumstances established from the factors addressed at the time of the plea nor was there any aggravating circumstances indicated in the pre-sentencing report under the Appellant[']s "statement of offense."

Appellant's Brief at 1 (unnumbered).

Our standard when reviewing sentencing matters is as follows:

> Sentencing is a matter vested in the sound discretion of the Sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (en banc) (citation omitted).

Vetetoe challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not

_____

[1] 18 Pa.C.S. § 5503(a)(4).

- 2 -

absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super.

2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)

(quotation marks and some citations omitted).

Here, Vetetoe objected the trial court's aggravated range sentence at

sentencing, and as such, this issue is preserved for our review. Vetetoe's

appellate brief also contains the requisite 2119(f) concise statement, in

which he argues that the trial court incorrectly applied a deadly weapon

enhancement to his sentence for disorderly conduct. ***See*** Appellant's Brief

at 4. The application of a deadly weapon enhancement raises a substantial

question for our review. ***See Buterbaugh***, 91 A.3d at 1266.

> The deadly weapon enhancement provides, in part:
>
> When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual:

(i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or

(ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or

(iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

204 Pa.Code § 303.10(a)(2)(i)-(iii).

As noted, Vetetoe objected to the application of a deadly weapon enhancement at sentencing. *See* N.T., Sentencing, 1/9/2014 at 1. Specifically, Vetetoe argued that the deadly weapon enhancement is inapplicable in this instance because a weapon was not employed against an "individual" as contemplated by the statute. *See id*. at 1-2.

In response to the trial court's questioning at the guilty plea hearing, Veteteo acknowledged that he "fired a rifle in such a way that it may have placed Sheilla Amons in danger, and that [he] did shoot a dog three to four times." N.T., Plea Proceeding, 11/5/13 at 5. Regardless of the fact that Vetetoe fired his weapon at the Amons's dog, we find his acknowledgment that his conduct endangered Amons sufficient proof that Vetetoe employed his loaded firearm "in a way that threatened … another individual" as required to support the application of the deadly weapon enhancement. Our finding is further bolstered by the on-the-record explanation the trial court gave for imposing the aggravated range sentence:

> The reason for sentencing in the aggravated range, the [c]ourt is satisfied that a firearm was used although not against an individual, there were individuals in close proximity. The firearm was fired in excess of two times, that there was an extreme danger to others in the vicinity, and you killed a pet of an individual in front of them.

*Id*. at 4.

Based on the foregoing, we find no abuse of discretion in the trial court's application of the deadly weapon enhancement in this instance. Therefore, Vetetoe's challenge to the discretionary aspects of his sentence is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2014