J-S38008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALISON K. HILL | |
| Appellant | No. 2137 MDA 2014 |

Appeal from the Judgment of Sentence Entered on November 20, 2014
In the Court of Common Pleas of Perry County
Criminal Division at No.: CP-50-CR-0000428-2008

BEFORE:  WECHT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                       **FILED JULY 20, 2015**

Allison K. Hill appeals the judgement of sentence that was entered on November 20, 2014, following revocation of her probationary sentence for two counts of forgery,[1] and after being re-sentenced to two to five years' imprisonment on each count, with both sentences running concurrent with each other.  We affirm.

The trial court summarized the relevant factual and procedural history of this case as follows:

> On July 15, 2009, [Hill] entered a guilty plea to two (2) counts of Forgery, Felonies of the Third Degree, in violation of Title 18 § 4101(a)(2).  The [c]ourt sentenced [Hill] to five (5) years of probation with the Perry County Probation Department.  [Hill] was further ordered at that time to submit to a Drug and Alcohol Evaluation and to follow all recommendations resulting from that

---

[1]    18 Pa.C.S. § 4101(a)(2).

evaluation. On that same date, [Hill] [] entered a guilty plea in another case docketed at CR 185 of 2009, to one (1) count of Criminal Attempt, Access Device Fraud, a Felony of the Third Degree, in violation of Title 18 § 901(a) and § 4106. The [c]ourt sentenced [Hill] in that case to two (2) years Probation.

On June 12, 2012, Perry County Probation issued a detainer after [Hill] received new charges in Cumberland County. On March 20, 2013, the [c]ourt re-sentenced [Hill] to the State Intermediate Punishment Program ("SIP") under docket CR 185 of 2009. On December 30, 2013, [Hill] was expelled from the Program after she signed out of her outpatient treatment center, Promise Place, and failed to return. As a result, the [c]ourt held a SIP revocation hearing and on July 28, 2014, re-sentenced [Hill] to nine (9) to twenty-three (23) months incarceration under docket CR 185 of 2009. Due to [Hill's] incarceration since December 2013, [Hill] was released on July 28, 2014. On November 4, 2014, another detainer was issued after [Hill] admitted to drug usage and failed to appear for appointments with her Probation Officer.

\* \* \*

In this case, on July 15, 2009, [Hill] signed the Rules and Regulations and Conditions Governing Adult Probation as witnessed by her Probation Officer, Michelle Orris. The **_Gagnon II_**[2] Petition, filed November 19, 2014, indicates that [Hill] violated No. 4 of these Rules and Regulations, requiring that she not indulge in the use, sale, or distribution of narcotics o[r] drugs of any form. On September 15, 2014, [Hill] admitted that she was using drugs to her Supervising Probation Officer in Cumberland County. [Hill] indicated that for the past month she was using 1-2 heroin bags a day. [Hill] further admitted to her Probation Officer in Dauphin County that she had been using 25-30 bags since August of 2014. At the Violation Hearing on November 20, 2014, [Hill's] Probation Officer, Michelle Orris also indicated that these admissions were only one month after [Hill's] release from her previous re-sentence. Finally, when [Hill] was detained by Perry County Probation on November 4, 2014, her drug test was positive for 753 [ng]/ml of heroin, as well as 75 [ng]/ml Buprennorphine.

---

[2] **_See Gagnon v. Scarpelli_**, 411 U.S. 778 (1973).

The **_Gagnon II_** Petition further averred that [Hill] also violated No. 1 of the Rules, Regulations and Conditions of Probation requiring that she report to her Probation Officer when directed and that she be available for visits any time or any place. [Hill's] Cumberland County Probation Officer informed Perry County Probation that she was unable to locate [Hill] after directing that she enter drug treatment on September 15, 2014. Probation Officer Janette Medvidovich made several attempts to contact [Hill] to no avail. While Officer Medvidovich was able to speak with [Hill's] mother on two occasions and informed her that [Hill] must report to Perry County Probation, [Hill] still refused to contact the Office. [Hill] was not located until she appeared for an appointment with Dauphin County Probation on November 4, 2014.

Trial Court Opinion ("T.C.O."), 2/26/2015, pages 1, 3, and 4 (unpaginated). Because of this, Hill was found to have violated the terms and conditions of her probationary sentence on November 20, 2014. Her probationary sentence was revoked by the trial court and she was re-sentenced to two to five years of incarceration in a state correctional institution. The court ordered this sentence to run concurrently with the sentence at CR 185 of 2009. Hill received credit for time served from November 4, 2014. Hill did not file a post-sentence motion.

Hill filed a timely notice of appeal. By order dated December 22, 2014, the trial court directed that she file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 19, 2015, Hill filed her concise statement, alleging that the trial court abused its discretion in re-sentencing Hill to a prison term, rather than providing her with the opportunity to receive drug rehabilitation or to serve her sentence in local jail. Brief for Hill at 21. Additionally, she avers that, because her

probation violations are less egregious than receiving new charges, her new sentence was harsh and excessive. *Id.* at 22.

Hill raises the following issue for our consideration:

1. Did the trial court abuse its discretion in re-sentencing the defendant to an incarcerative state correctional institution sentence of minimum two (2) years, maximum five (5) years on two counts of Forgery, Felonies of the Third Degree?

Brief for Hill at 7.

Our standard for reviewing the discretionary aspects of a sentence is as follows:

In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.

*Commonwealth v. Edwards*, 71 A.3d 323, 327 (Pa. Super. 2013). Hill argues that the trial court abused its discretion by imposing a high-end standard range sentence in a state prison. By imposing such a sentence, Hill cannot receive local drug treatment rehabilitation. According to Hill, the result was an excessive sentence, in light of the fact that the violations of the terms of her probation were technical in nature, such as not checking in with her probation officer, and are not based upon new charges. Therefore, she argues that the result was an abuse of the court's discretion. Brief for Hill at 18.

Hill's argument challenges the discretionary aspects of her sentence. Hill is not entitled as of right to a review of such challenge. Before we have

jurisdiction over such a claim, an appellant must satisfy the following protocol:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Levy***, 83 A.3d 457, 467 (Pa. Super. 2013). Hill has filed a timely notice of appeal and has included in her brief a Rule 2119(f) statement. However, Hill did not preserve her discretionary aspects of sentence challenges, either at her re-sentencing or in a post-sentence motion.

The sentencing judge explained to Hill that she had ten days from November 20, 2014, to file any post-sentence motions. Notes of Testimony ("N.T."), 11/20/2014, at 13. At the resentencing hearing, Hill did not raise the argument that she now presents to this Court. Nor did she file a post-sentence motion raising the issue. Consequently, Hill has waived her challenges to the discretionary aspects of her sentence, and thus has failed to invoke our jurisdiction over such claims. ***See Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004). ("Issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are

waived and cannot be raised for the first time on appeal."). Consequently, we will not review the merits of Hill's claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2015