J-S29026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN HOYE | |
| Appellant | No. 1481 WDA 2015 |

Appeal from the Judgment of Sentence May 7, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0015303-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 20, 2016**

Appellant, Nathan Hoye, appeals from the judgment of sentence entered on May 7, 2015, in the Court of Common Pleas of Allegheny County. No relief is due.

On September 25, 2014, while serving a term of incarceration in Allegheny County Jail, Hoye used a pen to stab Corrections Officer ("CO") Fred Young in the hand and threatened to kill both CO Young and CO Jason Batykefer. As a result, Hoye entered a guilty plea on May 7, 2015 to simple assault,[1] assault by prisoner,[2] and two counts of terroristic threats.[3] After

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2701(a)(1).
[2] 18 Pa.C.S.A. § 2703(a).
[3] 18 Pa.C.S.A. § 2706(a)(1).

reviewing Hoye's history with the criminal justice system and noting his failure to take advantage of the court's leniency in prior cases, the trial court imposed a standard range sentence of 16 to 32 months incarceration, followed by four years of probation. On May 15, 2015, Hoye filed a motion for reconsideration of sentence, which the trial court denied following a hearing. This timely appeal followed.

Hoye raises the following issue for our review:

> Did the trial court abuse its discretion at sentencing by imposing a clearly unreasonable sentence that failed to account for the protection of the public, the gravity of the offense in relation to the impact on the victim and community, and Mr. Hoye's mental state at the time of the incident?

Appellant's Brief at 5.

This claim challenges the discretionary aspects of Hoye's sentence. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Hoye challenged his sentence in a post-sentence motion and filed a timely appeal. Hoye's appellate brief also contains the requisite Rule 2119(f) concise statement. We must now determine whether Hoye's challenge to the discretionary aspects of his sentence raises a substantial question.

"A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013) (citation omitted).

"[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014) (citation omitted) (en banc).

Hoye claims on appeal that his sentence was excessive because the trial court failed to consider mitigating factors, such as "the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." Appellant's Brief at 13. While Hoye frames his issue by claiming the trial court failed to consider certain mitigating factors under Section 9721, in substance he merely asserts that the trial court failed to adequately consider facts of record. This does not raise a substantial question for our review.

The record belies Hoye's claims that the trial court failed to consider mitigating facts of record. At the plea hearing, the trial court expressly recognized the seriousness of attacking a corrections officer, as well as Hoye's mental health issues, for which he continually refused to obtain treatment:

> My problem, Mr. Hoye, is that I have been dealing with you now for several years and I have to tell you, it has been tremendously frustrating. Because you have told me on many occasions how much you want to try. You've told me on many occasions how sorry you are. And yet after you tell me those things, you totally fail to comply with whatever sentence is imposed.
>
> I had you on regular probation and you violated that regular probation pretty quickly. You were incarcerated and you were detained. And at that point, I offered you mental health help. Probably not after the first detainer, but the second one. To try to get you into Mental Health Court and hooked you up with JRS. And they came up with some plans for you. And you didn't comply with a single plan.
>
> In fact, on the one occasion when you were at Renewal, you left here from a Mental Health Court review and you disappeared. You went missing in action and didn't go back to Renewal. You

started calling and threatening that you were going to kill yourself. We decided we could not work with you because you would not be compliant at all in the community.

Then I put you in the Allegheny County Jail hoping that in the Allegheny County Jail you would be compliant. Do programs. Get your GED. There was a really great re-entry program there. That was all the hope for you, Mr. Hoye.

… I know. You are not allowed to do it because of your behavior. That's my point. You haven't done anything. You can't comply with the rules even when you are incarcerated. So, you spent most of your time on the disciplinary housing unit down the Allegheny County Jail. You are not complying with the rules down there.

And then to attack a corrections officer and to threaten the correction officers is just beyond anything. Beyond words even. How do you do that when all you've asked for is a chance? What I've tried to do along the way is to give you chances. Every time I have given you a chance, you have taken it, pretty much crumpled it up and thrown it away. Every time. And the behavior has never improved.

N.T., Plea & Sentencing Hearing, 5/7/15 at 11-13.

We are satisfied that the trial court adequately acknowledged and was extensively aware of the mitigating factors present in this case. Hoye cannot repeatedly flaunt the court's efforts to offer chances for mental health care and rehabilitation and then cry foul when the court imposes a standard range sentence for his continued criminal conduct.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2016