J-S16036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SEAN JOSE RAIN, | |
| Appellant | No. 1236 WDA 2016 |

Appeal from the Judgment of Sentence October 5, 2015
in the Court of Common Pleas of Mercer County
Criminal Division at No.: CP-43-CR-0001010-2014

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED MAY 02, 2017**

Appellant, Sean Jose Rain, appeals, *nunc pro tunc*, from the judgment of sentence imposed on October 5, 2015, following his jury conviction of person not to possess firearms.[1]  We affirm.

We take the underlying facts and procedural history in this matter from the trial court's October 31, 2016 opinion and our independent review of the certified record.

> On September 9, 2014, the Commonwealth filed [a] criminal information against [Appellant] in connection with a shooting that occurred on October 10, 2013.  This information charged him with attempted first-degree murder,[a] conspiracy to commit first-degree murder,[b] conspiracy to commit aggravated

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

assaults,[c] two counts of aggravated assault,[d] discharging a firearm into an occupied structures,[e] two counts of person not to possess a firearm,[f] two counts of carrying a firearm without a license,[g] and recklessly endangering another person.[h]  On November 5, 2014, [Appellant] made an application to sever the two counts of person not to possess a firearm, which [the trial c]ourt granted two days later.  [The trial c]ourt empaneled a jury for a trial on the murder, assault, discharging a firearm into an occupied structure, reckless endangerment, and carrying a firearm without a license [charges] which returned a not guilty verdict on all counts on February 20, 2015.  At trial, there was no direct stipulation as to whether [Appellant] was licensed to carry a firearm, however, defense counsel did stipulate to Mercer County Sheriff and Pennsylvania State Police reports that indicated [Appellant] did not have a license to carry a firearm.  Also at trial, defense witness Andre Hailstock testified that [Appellant] possessed a revolver on the 900 block of Fruit Ave., Sharon, Pennsylvania the day before the shooting.

[a] 18 Pa.C.S.[A.] § 2502(a), 18 Pa.C.S.[A.] § 901(a).

[b] 18 Pa.C.S.[A.] § 2502(a), 18 Pa.C.S.[A.] § 903.

[c] 18 Pa.C.S.[A.] § 2702(a)(1), 18 Pa.C.S.[A.] § 903.

[d] 18 Pa.C.S.[A.] §§ 2702(a)(1),(4).

[e] 18 Pa.C.S.[A.] § 2707.1(a).

[f] 18 Pa.C.S.[A.] § 6105(a)(1).

[g] 18 Pa.C.S.[A.] § 6106(a)(1).

[h] 18 Pa.C.S.[A.] § 2705.

On March 1[0], 2015, [Appellant] filed an application to quash the counts of person not to possess a firearm, on the grounds that the Commonwealth was collaterally estopped from bringing the gun charges due to the jury acquittal.  The Commonwealth filed a concurrent motion to amend the criminal information to add a new count of person not to possess.  [The trial c]ourt in a June 4, 2015 order granted [Appellant's] motion

to quash due to collateral estoppel but also granted the Commonwealth's motion to amend the information and allowed the case to proceed.

On July 15, 2015[,] a jury convicted [Appellant] of being a person not to possess a firearm . . . and [the trial c]ourt sentenced [Appellant] on October 5, 2015[,] to [not less than thirty nor more than sixty months of] incarceration in a state correctional facility. That same day, [Appellant's] trial counsel orally moved to withdraw which [the trial c]ourt granted and subsequently appointed the Public Defender's Office of Mercer County to represent [Appellant] on appeal. Despite this appointment, the Public Defender's Office had no contact with [Appellant], and it [did] not file an appeal or post sentence motions on [Appellant's] behalf. According to Pa.R.Crim.P. 720(A)(3), [Appellant's] deadline to file a notice of appeal to the Superior Court passed on November 4, 2015[,] without action, despite the fact that [Appellant] wrote to the Public Defender's Office of Mercer County requesting an update on his appeal and an in-person meeting with his counsel. On February 5, 2016, the Public Defender's Office of Mercer County made an oral motion to withdraw as counsel due to conflicts of interest, which this Court granted, and subsequently appointed the present counsel for [Appellant's] representation.

[Appellant], through his present counsel, filed his first PCRA[i] petition on July 15, 2016[,] and argued that his originally appointed appellate counsel was ineffective for failing to: file post-sentence motions, file a direct appeal, meet with [Appellant] to discuss his appellate rights, and call character witnesses at the time of trial. The PCRA petition also argued that [Appellant's] sentence was outside of the guideline range and was unduly excessive. [The trial c]ourt granted [Appellant's] PCRA petition on July 25, 2016, on the grounds that [Appellant's] initial appellate counsel was *per se* ineffective for failing to file a direct appeal after sentencing and restored his appellate rights *nunc pro tunc*. After a detailed consideration, [the trial c]ourt determined that it lacked the jurisdiction to entertain any of the issues raised in [Appellant's] PCRA not related to the ineffective assistance of appellate counsel, because as soon as it restored appellate rights, [Appellant's] sentence was no longer final.

- 3 -

[i] [] Post Conviction Relief Act, 42 Pa.C.S.[A.] §§ 9541-9546[].

(Trial Court Opinion, 10/31/16, at 1-3).

Appellant filed a timely notice of appeal on August 17, 2016. On August 22, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On September 2, 2016, Appellant filed a timely Rule 1925(b) statement. *See id.* On October 31, 2016, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

> 1. Did the [t]rial [c]ourt abuse its discretion in sentencing Appellant excessively outside the recommended guidelines and in failing to place sufficient weight on mitigating factors presented at the time of sentencing and for placing too much weight on Appellant's criminal record, juvenile record, and the gravity of the current offense?
>
> 2. Can originally appointed [a]ppellate counsel, the Public Defender's Office, be rendered ineffective for failing to file post[-]sentence motions, meet with Appellant, and failing to file a notice of appeal?
>
> 3. Did [t]rial [c]ounsel render ineffective assistance for failing to interview prospective character witnesses for Appellant's trial?
>
> 4. Did [t]rial [c]ounsel render ineffective assistance for failing to call known, present, and available character witnesses at trial to the detriment of Appellant's case?

(Appellant's Brief, at 5-6).

In his first claim, Appellant challenges the discretionary aspects of sentence. (*See* Appellant's Brief, at 22-33). However, Appellant waived this issue.

- 4 -

It is settled that, "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004) (citations and quotation marks omitted). Here, Appellant neither raised any objections to the sentence at sentencing nor filed a post-sentence motion challenging the discretionary aspects of sentence. Thus, he waived any challenge to the discretionary aspects of sentence.

Appellant's remaining three claims all argue ineffective assistance of counsel. (*See* Appellant's Brief, at 33-40). However, these claims are not ripe for review. Our Supreme Court reaffirmed the holding of *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), in *Commonwealth v. Holmes*, 79 A.3d 562, (Pa. 2013). In *Holmes*, our Supreme Court held "claims of ineffective assistance of counsel are to be deferred to [PCRA] review; trial courts should not entertain claims of ineffectiveness upon post[-]verdict motions; and such claims should not be reviewed upon direct appeal." *Holmes*, *supra* at 576 (footnote omitted). The *Holmes* Court noted two narrow exceptions for "extraordinary circumstances" to the broader rule, holding "where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and

- 5 -

apparent from the record so that immediate consideration and relief is warranted," and allowing review for "good cause," such as the shortness of a sentence, of "multiple, and indeed comprehensive, ineffectiveness claims" if such review is accompanied by a knowing, voluntarily, and express waiver of PCRA rights. *Id.* at 577–78. Instantly, neither of these exceptions applies. Therefore, Appellant's ineffective assistance of counsel issues are premature and we decline to address the merits. This is without prejudice to Appellant's right to present these ineffectiveness claims in a timely PCRA petition.

All of Appellant's issues on appeal are either waived or premature. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2017