J-S03026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LUKE TOBIN | : | |
| | : | |
| Appellant | : | No. 3503 EDA 2016 |

Appeal from the Judgment of Sentence October 5, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000522-2015

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS[*], P.J.E.

JUDGMENT ORDER BY PANELLA, J.                **FILED JUNE 28, 2018**

Luke Tobin appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his *nolo contendere* plea. Appellant challenges the discretionary aspects of his sentence. However, as Appellant has failed to preserve this challenge for our review, we summarily affirm.

After entering a *nolo contendere* plea to a single count of persons not to possess firearms,[1] the court sentenced Appellant to five to ten years' imprisonment on October 5, 2016. Immediately following sentencing, Appellant asked the court to reconsider imposing a mitigated range sentence of four years' imprisonment. The court denied this request. On November 1,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105.

2016, Appellant filed an "amended" post-sentence motion challenging the discretionary aspects of his sentence. This motion was also denied. Appellant's timely appeal follows.

On appeal, Appellant argues that the court ignored his individual and rehabilitative needs and relied upon impermissible factors when fashioning his manifestly excessive sentence. Appellant concedes this claim challenges the discretionary aspects of his sentence.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

The Commonwealth contends that Appellant cannot challenge the discretionary aspects of his sentence because he failed to preserve these challenges in a timely post-sentence motion. Conversely, Appellant claims that

- 2 -

because Rule 720(B)(1)(b) allows him to file a supplemental post-sentence motion, any challenges to the discretionary aspect of his sentence issues raised in his "amended" post-sentence motion are preserved for appeal.

Appellant advances a novel argument. But its novelty runs smack into established law. The ability to file supplemental post-sentence motions does not remove the requirement of filing written post-sentence motions within ten days of imposition of sentence. **See** Pa.R.Crim.P. 720(A)(1). Appellant's amended post-sentence motion, filed twenty-seven days after imposition of sentence, is patently untimely. Therefore, the Commonwealth is correct in noting that the challenges to the discretionary aspects of Appellant's sentence raised in his amended post-sentence motion are not preserved. **See Commonwealth v. Wrecks**, 931 A.2d 717, 719 (Pa. Super. 2007) ("An untimely post-sentence motion does not preserve issues for appeal.") As Appellant has not preserved this issue for our review, and has challenged no other aspects of his sentence on appeal, we affirm.[2]

Judgment of Sentence affirmed.

---

[2] Appellant's oral post-sentence motion regarding the trial court's failure to pursue a mitigated range sentence was properly preserved; however, Appellant abandoned that claim on appeal. Therefore, we will not address this claim.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/18