J-S41037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARTHUR JOHN WEBB, III | : | |
| | : | |
| Appellant | : | No. 637 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 29, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000596-2021

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:      **FILED: DECEMBER 15, 2022**

Appellant Arthur John Webb, III, appeals the judgment of sentence entered by the Court of Common Pleas of Luzerne County after Appellant pled guilty to two counts of corruption of minors. Appellant raises two challenges to the discretionary aspects of his sentence. We affirm.

On January 8, 2021, Appellant was charged with two counts each of indecent assault of a person less than sixteen years of age and corruption of minors. On September 20, 2021, Appellant entered an open guilty plea to two counts of corruption of minors and the indecent assault charges were withdrawn. After a pre-sentence investigation (PSI) report was prepared, the parties agreed Appellant's prior record score was "0" and his offense gravity

_____

[*] Former Justice specially assigned to the Superior Court.

score was "4," leading to a suggested standard range of RS-3 months to an aggravated range of up to 6 months.[1]

On March 29, 2022, the trial court imposed two consecutive terms of 6-36 months' imprisonment on the corruption of minors charges. As a result, Appellant received an aggregate sentence of 12-72 months' imprisonment. Appellant did not file a post-sentence motion.

On April 27, 2022, Appellant filed a notice of appeal. Thereafter, Appellant subsequently complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review on appeal:

1. Did the trial court err or abuse its discretion in failing to consider the mitigating circumstances before imposing a sentence at the highest end of the aggravated range of the Pennsylvania Sentencing guidelines on each count?

2. Did the trial court fail to state sufficient reasons on the record to justify a sentence at the highest end of the aggravated range of the Pennsylvania Sentencing Guidelines in light of the mitigating circumstances present?

Appellant's Brief, at 3.

Both of these arguments implicate the discretionary aspects of sentence. In reviewing such challenges, we are mindful that:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether

---

[1] Appellant's charges were first-degree misdemeanors, which have a maximum penalty of five years' imprisonment. *See* 18 Pa.C.S.A. § 106(b)(6).

the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Manivannan**, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

While Appellant did file a timely appeal, Appellant did not raise his challenges to the discretionary aspects of his sentence before the trial court. It is well established that:

> [t]o properly preserve an issue challenging the discretionary aspects of sentencing, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion. **Commonwealth v. McAfee**, 849 A.2d 270, 275 (Pa.Super. 2004). The Pennsylvania Rules of Criminal Procedure specifically caution defendants that, when filing post-sentence motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). **See Commonwealth v. Tejada**, 107 A.3d 788, 798-99 (Pa.Super. 2015) (noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion).

**Commonwealth v. Clary**, 226 A.3d 571, 579 (Pa.Super. 2020).

Our review of the record shows that Appellant did not raise the aforementioned claims in a timely objection after the trial court imposed its sentence. Further, Appellant did not file a post-sentence motion. As Appellant failed to preserve these arguments before the trial court, these claims are waived on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2022