J-S31024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMEK PORTER | : | |
| | : | |
| Appellant | : | No. 2688 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 4, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005914-2022

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED NOVEMBER 6, 2025**

Appellant, Jamek Porter, appeals from the September 4, 2024 judgment of sentence entered by the Philadelphia County Court of Common Pleas following his jury conviction of Attempted Murder and related charges. Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

The trial court summarized the facts of this case as follows:

On February 22, 2022, Appellant and/or one of his associates had a verbal encounter with the victim, Deshaun Carter, inside a small deli on the 5600 block of Elmwood Avenue in Southwest Philadelphia. After leaving the deli, Appellant and a cohort decided to lie in wait for Carter. When Carter exited the deli and began walking down the street, Appellant shot him multiple times from across the street. Carter was struck with multiple gunshots and collapsed to the ground. Appellant then ran across the street, stood over Carter and shot him again at point [blank] range. Fortunately, police responded quickly and rushed Carter to the hospital. Despite being shot 12 times, Carter survived but sustained serious and extensive injuries.

Trial Ct. Op., 12/17/24, at 2.  On April 25, 2024, the jury convicted Appellant of Attempted Murder, Aggravated Assault, Criminal Conspiracy, Possession of an Instrument of Crime ("PIC"), and Possession of a Firearm Prohibited."[1] .

On September 4, 2024, after reviewing the pre-sentence investigation ("PSI") and mental health evaluation reports, the court imposed a sentence of 17 to 34 years of incarceration for Attempted Murder, and concurrent sentences of 10 to 20 years of imprisonment each for Aggravated Assault, Conspiracy, and Possession of a Firearm, with no further penalty for PIC. Notably, the minimum sentence of 17 years is below the mitigated range of the sentencing guidelines for Attempted Murder.[2]

The court thoroughly explained its reasoning for the sentence.  First, the court acknowledged mitigating factors including Appellant's young age (30), that he was a victim of gun violence, that he "suffers from significant mental health issues and PTSD, ADHD, and schizophrenia" for which he has not received treatment, and that he expressed remorse.  N.T. Sent'g, 9/4/24, at 16.  The court, however, noted its "great concern for [the] safety of the public[,]" as Appellant had multiple prior violent offenses, the violent nature of which had escalated over time.  *Id.* at 17.  Specifically, the court enumerated two Aggravated Assaults in 2012, a Robbery in 2014, two

---

[1] 18 Pa.C.S. §§ 901, 2702, 903, 907, and 6105 respectively.

[2] As explained by the sentencing court, the recommended sentencing guideline range for Attempted Murder based on his prior record score was 222 months (18.5 years) plus or minus 12 months.  Trial Ct. Op. at 5.  Appellant agrees with this calculation.  Appellant's Br. at 11.

Aggravated Assaults in 2015, a Burglary in 2018, and the instant Attempted Murder in 2022. *Id.* Notably, however, the incidents in 2012, which occurred when Appellant was a juvenile, resulted in deferred adjudications, rather than delinquency adjudications. *Id.* at 8 (Commonwealth's recitation of prior criminal incidents). Despite this misstatement, the court additionally stated that it was "shock[ed]" by the "callousness at which [Appellant] carried out" this offense, where after an argument in a deli, he shot "an unarmed, drunk associate" multiple times and then ran across the street to shoot him additional times at "pointblank range[.]" *Id.* at 17-18.

Appellant filed post-sentence motions seeking, in relevant part, reconsideration of his sentence, which he claimed was excessive. Notably, Appellant did not specifically raise the court's erroneous reliance on the 2012 Aggravated Assaults. On September 25, 2024, the court denied the motion.

After Appellant filed a timely notice of appeal, Appellant and the trial court complied with Pa.R.A.P. 1925. Again, Appellant presented a generic claim asserting that the sentence was excessive without mention of the court's inaccurate reference to the 2012 Aggravated Assault charges. The court in response reiterated its reasoning set forth at the sentencing hearing, again incorrectly including "two aggravated assault adjudications as a juvenile (2012)" in the court's list of Appellant's "extensive criminal record." Trial Ct. Op. at 5.

Appellant raises the following question on appeal:

- 3 -

Whether the trial court abused its discretion or committed an error of law by relying on an impermissible consideration that [A]ppellant had two juvenile adjudications for aggravated assault, when in fact he did not, such that the sentence imposed of 17 to 34 years['] incarceration although within the guidelines, presents a substantial question that it was excessive?

Appellant's Br. at 6.

Appellant claims that his sentence is excessive, despite it being a mitigated sentence, because the court relied upon an erroneous fact: the 2012 aggravated assault adjudications. Appellant's Br. at 11-13. We conclude that Appellant waived this issue by failing to include it in his Pa.R.A.P. 1925(b) Statement. **See** Pa.R.A.P. 1925(b)(vii). Additionally, he waived his challenge by failing to raise it in his post-sentence motion, as is required for appellate review of a challenge to the discretionary aspects of a sentence. **See Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015).[3]

Even if we were to address the merits of his claim, we would conclude that it is meritless. It is well-established that "sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be

_____

[3] To invoke this Court's jurisdiction, an appellant challenging the sentencing court's discretion must (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider the sentence; (3) comply with Pa.R.A.P. 2119(f), which requires "a separate section of the brief [setting forth] a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) present a substantial question pursuant to 42 Pa.C.S. § 9781(b). **Leatherby**, 116 A.3d at 83. We observe that Appellant satisfied the other requirements for our review, including presenting a substantial question. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (observing that a "claim that the trial court relied upon incorrect factual assertions when imposing sentence asserts a 'substantial question'").

disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012) (citation omitted). To demonstrate an abuse of discretion, the defendant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted). "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Commonwealth v. Moury,*** 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted).

We conclude that the sentencing court did not abuse its discretion in imposing the mitigated-range sentence despite its incorrect reference to the 2012 Aggravated Assault charges. Rather, the court thoroughly explained its reasons for imposing the sentence, acknowledging the mitigating factors noted above and emphasizing its "grave concern for the safety of the general public[,]" given Appellant's "extensive" and "escalat[ing]" criminal record and his lack of rehabilitation "[d]espite court intervention and jail time[.]" Trial Ct. Op. at 5. The court additionally "considered the heinous nature of Appellant's crimes," which included shooting the victim multiple times and leaving "him for dead." ***Id.*** We find the court's reference to the 2012 incidents to be *de minimis* and conclude that the court's misstatement in no way

- 5 -

undermined the court's cogent rationale for imposing the mitigated-range sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/6/2025