J-S85012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LUIS VASQUEZ | |
| Appellant | No. 1827 EDA 2016 |

Appeal from the Judgment of Sentence May 5, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002305-2012

BEFORE:   PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                      **Filed January 13, 2017**

Appellant, Luis Vasquez, appeals from the judgment of sentence entered after he pled guilty to two counts of third-degree murder. Vasquez contends that the trial court abused its discretion in imposing standard range sentences for each crime. After careful review, we affirm.

On May 5, 2014, the trial court sentenced Vasquez to consecutive sentences of 15 to 40 years for each murder. Vasquez did not file a post-sentence motion or direct appeal. Vasquez subsequently filed a petition pursuant to the Post Conviction Relief Act ("PCRA"). The PCRA court restored Vasquez's right to file a post-sentence motion.

Thereafter, Vasquez filed a motion challenging the discretionary aspects of his sentence. He declined to supplement the record created at the

original sentencing hearing. The trial court denied his post-sentence motion, and this timely appeal followed.

Vasquez concedes that his only argument on appeal is a challenge to the discretionary aspects of his sentence. *See* Appellant's Brief, at 9-10. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." ***McAfee***, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." ***Id***. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id***. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365 (citation omitted). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. "Our

inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits. *Id*. (citation omitted).

In the present case, Vasquez's appellate brief contains the requisite Rule 2119(f) concise statement. Furthermore, he preserved his argument against the discretionary aspects of his sentence through a post-sentence motion. Thus, he is in technical compliance with the requirements to challenge the discretionary aspects of a sentence.

Vasquez argues in his Rule 2119(f) statement that the trial court abused its discretion "by sentencing Appellant in the standard range without properly considering mitigating factors due to provocation and Appellant's lack of a prior criminal history." Appellant's Brief, at 10. Vasquez's claim is that the trial court did not *adequately* consider mitigating factors of record.[1] This claim does not raise a substantial question for our review. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014) ("[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court

---

[1] In his argument section, Vasquez concedes that the trial court "recognized at sentencing that the victim(s) in this matter were actively committing loan sharking and had previously threatened Appellant and his family with bodily harm." Appellant's Brief, at 13.

failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.")

Even if this claim were to raise a substantial question, we would find no abuse of discretion. The trial court provided the following reasoning in imposing sentence:

> Mr. Vasquez, I've had the opportunity and have read through this PSI [Presentence Investigation Report] actually multiple times, and what struck me was the juxtaposition of your entire life with what occurred on this particular day.
>
> But what troubled me was … the variety of contradictory statements and stories, both those that were contained in [the psychologist's] report that I also read in the memoranda, sentencing memoranda, and then what was contained in the PSI itself, many different versions of events, some of them truly not plausible to me.
>
> At the same time, I also consider the fact that to this day and until the day of this offense you had a completely clean record, nothing violent, no – nothing. You had nothing in your records at all. By all accounts, you are a quiet, somewhat shy, peaceable man. You are young, and I understand that you've only achieved the eighth grade while you were in school in Guatemala. By all accounts, you've also always maintained gainful employment and had worked hard.
>
> I tried to understand the severity of the threats, and even by the accounts of [the victim's] son, they appeared to be serious threats of harm to you and your family, and how perhaps psychologically that could impact you and actions you might undertake. At the same time, it befuddles me why you would not have reached out even to your own family about these kinds of things and ultimately not to the police to assist you in some way.
>
> And I probably consider and understand the wise [sic] of that as well. You know, perhaps you don't think that the police would be helpful or that they might listen to you, what you had to say, or assist you and your family or protect you in the way that you

thought perhaps you were protecting your family with what you did.

But ultimately, when I look at the mitigating circumstances that I just recited that I think are mitigating circumstances and then some of the aggravating circumstances here that I look at in terms of the willingness to really for the sake of both [the victims' families,] and the Vasquez family really put out the truth there so everyone can put this to rest, that's where I have difficulties with your sincerity.

But when I balance those two things, I come up with several things. One is that I think that for each of these victims, each deserves a sentence that is run consecutive to each other. We have two people here, both of whom perhaps had different involvements with you. What happens in these kinds of cases is that everyone suffers, both these families and your own family, and it's extremely, extremely troubling for everyone involved.

N.T., Sentencing, 5/5/14, at 29-31.

In reviewing this statement, we note that the trial court clearly considered not only the provocation offered by the victims, but also Vasquez's lack of any criminal or violent history. The trial court did not abuse its discretion in concluding that these mitigating factors were insufficient to warrant a lesser sentence. We also note that as the sentence was within the standard range of the guidelines it was presumptively reasonable. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017