J-S24005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN QUINTIN LAZEAR | |
| Appellant | No. 134 WDA 2016 |

Appeal from the Judgment of Sentence December 23, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014607-2008

BEFORE:  PANELLA, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 5, 2017**

Appellant, John Quintin Lazear, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following revocation of his probation. Appellant argues this Court should vacate his sentence due to the revocation court's abuse of discretion in fashioning it. For the following reasons, no relief is due.

The relevant facts and procedural history of this case are as follows. On May 17, 2010, following a bench trial, the court convicted Appellant of carrying a firearm without a license, persons not to possess firearms, theft, and receiving stolen property.[1] The court sentenced Appellant at that time to

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6106(a)(1), 6105(a)(1), 3921(a), and 3925(a), respectively.

2 to 4 years' incarceration and to 6 years of probation. While Appellant was still serving his probationary term, he was convicted of driving under the influence ("DUI").

Owing to his new DUI conviction, Appellant was required to attend a probation violation hearing for his underlying charges. On December 23, 2015, the revocation court determined that Appellant had violated his probation. The court resentenced Appellant to a term of 2½ to 5 years' incarceration. Appellant timely filed a post-sentence motion to reconsider, which the court denied. Appellant then filed a timely notice of appeal and complied with Rule 1925(b).

Appellant raises a single question for our review:

> WAS THE SENTENCE OF 30 TO 60 MONTHS OF INCARCERATION MANIFESTLY EXCESSIVE AND AN ABUSE OF DISCRETION WHERE THE COURT DID NOT CONSIDER THE SUFFICIENCY OF SANCTIONS ALREADY IMPOSED AND THE AVAILABILITY OF COMMUNITY-BASED RESOURCES TO ADDRESS [APPELLANT'S] SERIOUS REHABILITATIVE NEEDS?

Appellant's Brief, at 4.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005).

"Two requirements must be met before we will review this challenge on its merits." ***McAfee***, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." ***Id***. (citation omitted). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id***. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365 (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. ***See also Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012). "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." ***Tirado***, 870 A.2d at 365 (citation omitted).

Here, Appellant's brief contains the required Rule 2119(f) concise statement. Additionally, he preserved his discretionary aspects of sentence argument in a post-sentence motion. Thus, Appellant is in technical compliance with the requirements for challenging the discretionary aspects of his sentence.

In his Rule 2119(f) statement, Appellant first baldly asserts that his sentence is excessive. *See* Appellant's Brief, at 10. That does not raise a substantial question for our review. *See Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013) ("[A] generic claim that a sentence is excessive does not raise a substantial question for our review.") Appellant then claims that the trial court "failed to consider" his "rehabilitative needs and the community-based resources available" for treating those needs when it fashioned Appellant's sentence. Appellant's Brief, at 10. This raises a substantial question for our review. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) ("[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.")

A review of the sentencing transcript, however, flatly refutes his claim. The transcript reveals the court extensively discussed the possibility of State Intermediate Punishment with Appellant, who declined to sign a consent form to make himself eligible for the treatment program. *See* N.T. Revocation, 12/23/15, at 2-11. The court then found defense counsel's request for leniency so that Appellant could obtain treatment for his drug problem to be unavailing, given Appellant's express rejection of the treatment program option. *See id*., at 15. The court also discussed on the

record the impact of Appellant's criminality on the community, and his resistance to efforts to curb his drug problem. ***See id***., at 18.

The court comprehensively addressed Appellant's rehabilitative needs, despite Appellant's protestations to the contrary. Consequently, Appellant is due no relief on his sole claim for our review, and we affirm the revocation court's decision.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2017