J-S68002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH ONZIK | : | |
| | : | |
| Appellant | : | No. 157 MDA 2017 |

Appeal from the PCRA Order December 16, 2016
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000280-2013,
CP-40-CR-0000487-2012, CP-40-CR-0000580-2012,
CP-40-CR-0001625-2013

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 11, 2017**

Joseph Onzik appeals from the order, entered in the Court of Common Pleas of Luzerne County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On February 17, 2015, Onzik pleaded guilty to false identification to law enforcement authorities, resisting arrest, criminal conspiracy to commit burglary, and two counts each of burglary and theft by unlawful taking or disposition.[1]  On June 19, 2015, the trial court sentenced Onzik to 27 to 54 months' imprisonment on the conspiracy to commit burglary charge, 3 to 6 months' imprisonment on the false identification charge, 6 to 12 months'

_____

[1] 18 Pa.C.S.A. §§ 4914, 5104, 903, 3502, 3921, respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

imprisonment on the resisting arrest charge, and 95 to 190 months' imprisonment on the two burglary charges. His aggregate sentence amounted to 131 to 262 months' imprisonment. The trial court sentenced Onzik as a repeat felony offender and imposed his sentences consecutively; his individual sentences were all within the standard range of the sentencing guidelines.

Onzik's sentencing counsel, Joseph Yeager, Esquire, did not file a post-sentence motion for reconsideration of sentence or an appeal from his judgment of sentence. On July 11, 2016, Onzik, through Coley Reynolds, Esquire, filed the instant PCRA petition. On November 9, 2016, the PCRA court held a hearing, after which it denied Onzik's petition by court order dated December 16, 2016. On January 12, 2017, Onzik timely appealed the PCRA court's order. Both Onzik and the trial court have complied with Pa.R.A.P. 1925. By letter dated October 3, 2017, this Court advised Onzik that the case would be submitted on briefs without oral argument.[2] Onzik raises the following issue on appeal:

> Did the PCRA court err by denying relief to Onzik, where his sentencing counsel provided ineffective assistance by failing to file a motion to modify sentence based on the trial judge's having imposed an aggregate sentence of 131-262 months' imprisonment without regard to the presentence report, the mitigating circumstances presented by Onzik or his rehabilitative needs and based solely on Onzik's criminal history?

---

[2] On October 25, 2017, Onzik requested that we grant oral argument in this case. Pursuant to Pa.R.A.P. 2311, "[a]ll parties shall submit post-conviction relief cases on the briefs unless otherwise directed by the court on its own motion or upon application." Pa.R.A.P. 2311(b). After review of the parties' briefs and the issue raised on appeal, we denied Onzik's request.

Brief of Appellant, at 3 (reworded for clarity).

PCRA petitions are subject to the following standard of review:

As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived; and (3) the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. An issue is previously litigated if the highest appellate court in which appellant could have had review as a matter of right has ruled on the merits of the issue. An issue is waived if appellant could have raised it but failed to do so before trial, at trial, on appeal or in a prior state postconviction proceeding.

*Commonwealth v. Roane*, 142 A.3d 79, 86-87 (Pa. Super. 2016) (citations, quotations and brackets omitted) (citing *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015).

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citing *Strickland v. Washington*, 466 U.S. 688, 687-91 (1984)). To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or

her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." ***Commonwealth v. Sneed***, 45 A.3d 1096, 1106 (2012) (quoting ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (2001)). "A petitioner establishes prejudice when he demonstrates there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. Johnson***, 966 A.2d 523, 532-33 (Pa. 2009) (quoting ***Strickland***, 466 U.S. at 694). The failure to satisfy any one of the three prongs will cause the entire claim to fail. ***Sneed***, 45 A3d at 1106.

Instantly, Onzik avers he was prejudiced by his trial counsel's failure to file a motion for reconsideration following his sentencing. Onzik's claim is meritless. Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings; absent such efforts, an objection to the discretionary aspect of a sentence is waived. ***Commonwealth v. Tirado***, 870 A2d 362, 365 (Pa. Super. 2005). However, counsel cannot be found ineffective for failing to raise a meritless claim. ***Commonwealth v. Rivera***, 773 A.2d 131, 140 (Pa. 2001); ***Commonwealth v. McAfee***, 849 A.2d 270, 277 (Pa. Super. 2004) (counsel was not deficient for purposes of ineffective assistance of counsel claim, by failing to file a motion for reconsideration of sentence of defendant to total confinement after revocation of defendant's probation, as claim was meritless).

Initially, we note, Onzik's open guilty plea did not foreclose his right to file a motion for reconsideration. *See Commonwealth v. Dalberto*, 648 A.2d 16, 20 (Pa. Super. 1994) ("[W]here a plea agreement is an open one as opposed to one for a negotiated sentence, unquestionably, after sentencing the defendant can properly request reconsideration as the court alone decided the sentence and no bargain for a stated term, agreed upon by the parties, is involved.") (citation omitted). However, all of Onzik's individual sentences fall within the standard range. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (where sentence is within the standard range of sentencing guidelines, Pennsylvania law views sentence as appropriate under sentencing code). Further, it is within the sound discretion of the trial court to impose consecutive, rather than concurrent, sentences. *Commonwealth v. Harvard*, 64 A3d 690, 703 (Pa. Super. 2013). Had Onzik's counsel filed a motion for reconsideration, his individual sentences, all at the lowest end of the standard range, would have remained the same.[3] Accordingly, we cannot deem Attorney Yeager ineffective for failing to file a meritless motion for reconsideration of sentence. *Rivera*, *supra*; *McAfee*, *supra*.

---

[3] We note that the trial court, in fashioning Onzik's sentence, evaluated his presentence investigation report ("PSI"). N.T. Sentencing, 11/9/16, at 2, 5-8. Although Onzik avers the trial court fashioned his sentence based solely on his prior criminal history, when a sentencing court has reviewed a PSI, we presume that the court has properly considered and weighed all relevant factors in fashioning the defendant's sentence. *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1998); *Commonwealth v. Baker*, 72 A.3d 652 (Pa. Super. 2013).

Moreover, the trial court found credible the testimony of Attorney Yeager that Onzik did not request he file a motion for reconsideration of sentence. *See Roane*, 142 A.3d at 87 ("A PCRA court's credibility findings are to be accorded great deference[.]"). At Onzik's PCRA hearing, Attorney Yeager also testified that he could not discern any legal basis to challenge Onzik's sentence. N.T. PCRA Hearing, 11/9/16, at 5 ("[Onzik and I] discussed the fact that, you know, the sentences were all in the standard range, that they were not an illegal sentence, that in my opinion there was no legal basis to file any type of appeal."). *Rivera*, *supra*; *McAfee*, *supra*. In light of the foregoing, we do not find Attorney Yeager's decision not to file a post-sentence motion for reconsideration of sentence prejudiced Oznik.

Order Affirmed. Motion for oral argument denied.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2017