J-S07023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JASON GORDON | : | |
| | : | |
| Appellant | : | No. 469 EDA 2017 |

Appeal from the Judgment of Sentence August 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000854-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 30, 2018**

Jason Gordon appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following a guilty plea. Gordon challenges the discretionary aspects of the trial court's sentence. Additionally, Gordon's counsel of record, John Belli, Esquire, has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant Attorney Belli permission to withdraw.

The relevant factual and procedural history is as follows. In November 2015, Gordon pled guilty to Aggravated Assault, Robbery, Kidnapping for Ransom, Conspiracy, and Possession of an Instrument of Crime. The trial court deferred sentencing to permit Gordon to aid the police in identifying his co-conspirators in exchange for a reduced sentence. However, despite his stated

desire to do so, Gordon failed to cooperate with the police. Therefore, on August 18, 2016, the trial court sentenced Gordon to nine to twenty years' imprisonment, followed by a ten-year term of probation. Immediately following sentencing, the trial court noted it would consider amending Gordon's sentence if he provided the police with accurate information regarding the identity of his co-conspirators.

Gordon filed a timely motion to reconsider his sentence. In his motion, Gordon alleged he had information that would lead to the apprehension of a co-conspirator. At a hearing on the motion, the detective assigned to Gordon's case noted that even if Gordon were willing to identify a co-conspirator, they would not consider using any information provided by Gordon due to his history of providing the police with inaccurate information in this matter. Based upon this testimony, the trial court denied Gordon's motion. This timely appeal follows.

Prior to addressing the merits of Gordon's appeal, we must first examine Attorney Belli's request to withdraw. Attorney Belli has substantially complied with the mandated procedure for withdrawing as counsel. *See Santiago*, 978 A.2d at 361 (articulating *Anders* requirements); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition) (citation omitted). Gordon has not filed a response to counsel's petition to withdraw.

Counsel has identified one issue Gordon believes entitles him to relief. Namely, Gordon contends the trial court abused its discretion in denying his motion to reconsider because Gordon met the trial court's condition for reconsideration by providing information to the police. This raises a challenge to the discretionary aspects of sentencing.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Gordon's claim fails, as he did not present this court with a substantial question for our review. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." **Commonwealth v. Glass**, 50 A.3d 720, 727 (Pa. Super. 2012) (internal quotation marks and citations omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory statement to determine whether a substantial question exists." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

In his Rule 2119(f) statement, Gordon's sole assertion is that his sentence constitutes an abuse of discretion due to the trial court's failure to reduce his sentence based upon the information he provided to police. This, essentially, constitutes an argument that the trial court failed to adequately consider a mitigating factor. This argument does not raise a substantial question. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*). Consequently, Gordon has failed to invoke our jurisdiction, and we cannot review the merits of his sentencing claim.[1] **See Moury**, 992 A.2d at 170.

After undertaking an independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

_____

[1] We note that even if we had the authority to review Gordon's claim, it would not succeed. Contrary to Gordon's claim, the trial court did not promise to amend his sentence if he provided the police with information; rather the trial court noted that it would *consider* amending his sentence if Gordon aided the police. **See** N.T., Sentencing, 8/18/16, at 28-29.

It is clear from the hearing on Gordon's motion that the trial court considered the information Gordon alleged he provided to the police. **See generally** N.T., Hearing, 12/15/16. Thus, any argument that the trial court did not consider Gordon's efforts would be utterly without merit.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/18