J-A20017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES EDWARD HUSOK | : | |
| | : | |
| Appellant | : | No. 201 WDA 2017 |

Appeal from the Judgment of Sentence January 5, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012327-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 07, 2018**

James Edward Husok appeals from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, following his conviction for third-degree murder,[1] possession of an instrument of crime ("PIC"),[2] and tampering with evidence.[3]  After careful review, we affirm.

On September 19, 2015, Heather Guerra, Husok's estranged wife, and Michael Welsh, her boyfriend, were drinking at a bar in McKeesport, Pennsylvania.  Guerra and Welsh left the bar at approximately 1:45 a.m. and returned to Welsh's mother's home, where the two were residing.  At 4:49 a.m., Guerra called Husok to ask him to pick her up from where she was

---

[1] 18 Pa.C.S.A. § 2502(c).

[2] 18 Pa.C.S.A. § 907.

[3] 18 Pa.C.S.A. § 4910.

residing after Welsh allegedly assaulted her. Husok picked Guerra up and brought her to his residence. At approximately 5:30 a.m., Welsh awakened and discovered that Guerra was not at their residence. Welsh sent a series of text messages to Guerra, in which he stated he believed she was with Husok; he then informed her he was coming to Husok's residence. At approximately 6:55 a.m., Husok encountered Welsh outside Husok's residence; at that time, Husok had armed himself with a firearm and claw hammer. Moments later, a neighbor heard a gunshot, ran into an alley outside of her and Husok and his neighbor's homes, and discovered Welsh's body on the ground. Welsh had suffered a gunshot wound and Emergency Medical Services pronounced him dead at the scene. When questioned by police, Husok admitted he had shot Welsh.

On October 7, 2016, a jury found Husok guilty of third-degree murder, PIC and tampering with evidence. On January 5, 2017, the trial court sentenced Husok to an aggregate term of 20 to 40 years' imprisonment. On January 17, 2017, Husok filed a motion for reconsideration of sentence, which the trial court denied. On January 31, 2017, Husok timely appealed. Both Husok and the trial court have complied with Pa.R.A.P. 1925. On appeal, he raises one issue for our review: "Whether the trial court abused its discretion in imposing an aggregate sentence of 20 to 40 years' imprisonment for third-degree murder and other related offenses?" Brief of Appellant, at 1.

Husok's sole issue on appeal constitutes a challenge to the discretionary aspects of his sentence. However, before reaching the merits of Husok's

discretionary aspects of sentence claim, we must first determine whether this Court has jurisdiction in this case. This Court repeatedly has stated that, in order to invoke this Court's jurisdiction when raising a challenge to the discretionary aspects of a sentence, an appellant must: (1) file a timely appeal; (2) preserve the issue he or she wishes to present on appeal; (3) include in his or her brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f); and (4) present a substantial question in his or her concise statement that the sentence is not appropriate under the sentencing code. **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted). An appellant must satisfy all four requirements. **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013).

With regard to the fourth prong, an appellant raises a substantial question if he can show "actions by the trial court inconsistent with the Sentencing Code[4] or contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Bowen**, 55 A.3d 1254, 1262-63 (Pa. Super. 2012) (citation omitted). "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004). A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either

---

[4] 42 Pa.C.S.A. §§ 9701–9799.75.

inconsistent:  (1) with a specific provision of the sentencing code; or (2) to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013).

Instantly, Husok timely filed his appeal within 30 days of the trial court's sentencing order, as required by Pa.R.A.P. 903(a).  Husok also properly preserved *some* issues in a post-sentence motion for reconsideration of sentence.  Furthermore, in Husok's appellate brief, he properly sets forth a concise statement of the reasons relied upon for allowance of appeal, pursuant to Pa.R.A.P. 2119(f).  ***See*** Brief of Appellant, at 2.  Husok has complied, in part, with the necessary procedural dictates necessary to preserve several, but not all, of his discretionary aspects of sentencing claims on appeal.  Thus, we turn to whether he has raised a substantial question that his sentence was inappropriate under the Sentencing Code.

Husok's Rule 2119(f) statement states as follows:

> The lower court's imposition of the maximum sentence of 20 to 40 year[s' ] incarceration for [Husok's] conviction of third-degree murder was manifestly excessive, unreasonable, and an abuse of discretion because the court:  (1) failed to impose an individualized sentence applying the sentencing guidelines; (2) dismissed [Husok's] expression of remorse; (3) failed to consider that the victim's behavior contributed to the fatal encounter; and (4) failed to give adequate consideration to mitigating circumstances[.]

Brief of Appellant, at 2.

First, Husok argues that the honorable Kelly E. Bigley failed to impose an individualized sentence in conformity with the sentencing guidelines.

- 4 -

However, Husok made no such argument at sentencing, *see generally* N.T. Sentencing, 1/5/17, at 51-65, or in his post-sentence motion. *See* Motion to Reconsider, 1/17/17. Therefore, Husok has waived this particular claim. *Commonwealth v. Tejada*, 107 A.3d 788, 798 (Pa. Super. 2015) (defendant waived his challenge on appeal to discretionary aspects of sentence, even though he raised his arguments in his statement of errors complained of on appeal, where defendant failed to raise them at sentencing or in his post-sentence motion).

Next, Husok argues that the trial court failed to adequately consider mitigating factors of record (i.e., his remorse, the victim's conduct, etc.). However, Husok's claim does not raise a substantial question. *Commonwealth v. Rhoades*, 8 A3d 912, 918-19 (Pa. Super. 2010) (allegation that sentencing court failed to consider mitigating factors generally does not raise substantial question for review on appeal).

Furthermore, when a presentence investigation ("PSI") report exists, this Court presumes that the sentencing court "was aware of relevant information regarding [the defendant's] character and weighed those considerations along with the mitigating statutory factors." *Commonwealth v. Fullin*, 892 A.2d 843, 849-50 (Pa. Super. 2006) (citation omitted). As our Supreme Court explained:

> A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment

- 5 -

procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report[,] thus properly considering and weighing all relevant factors." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Here, the record indicates that Judge Bigley reviewed and considered the relevant sentencing factors, the facts of the case, and the contents of Husok's PSI report. ***Fullin***, ***supra***; ***Ventura***, ***supra***. Accordingly, we do not find that the trial court abused its discretion in imposing an aggregate sentence of 20 to 40 years' imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/7/2018</u>