J-S49021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM  MASON | |
| Appellant | No. 34 EDA 2019 |

Appeal from the Judgment of Sentence imposed March 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000810-2014

BEFORE:  BENDER, P.J.E., STABILE, J. and STEVENS, P.J.E.*

JUDGMENT ORDER BY STABILE, J.:　　　　**FILED NOVEMBER 14, 2019**

Appellant, William Mason, appeals *nunc pro tunc* from the judgment of sentence the Court of Common Pleas of Philadelphia County imposed on March 4, 2015.  For the reasons stated below, we affirm.

On October 10, 2014, Appellant entered an open guilty plea to two counts of robbery, one count of burglary, and one count of possession of an instrument of crime.  On March 4, 2015, the trial court sentenced Appellant to concurrent terms of 5 to 10 years' imprisonment for burglary and 4 to 10 years' imprisonment for each count of robbery, followed by 5 years' probation for possession of an instrument of crime.  Appellant did not file a motion for reconsideration or a direct appeal.

---

* Former Justice specially assigned to the Superior Court.

On December 11, 2015, Appellant filed a counseled PCRA petition, claiming, *inter alia*, ineffective assistance of trial counsel. Following an evidentiary hearing on Appellant's PCRA petition, the PCRA court reinstated his appellate rights *nunc pro tunc*, but denied his request for resentencing and all other claims raised in the petition.

Appellant timely filed the instant direct appeal, challenging the discretionary aspects of his sentence. For the reasons explained below, we conclude Appellant is entitled to no relief.

It is well established that challenges to the discretionary aspects must be raised at the time of sentencing or in a post-sentence motion. ***See, e.g., Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004). Failure to do so, results in a waiver of the claim. ***Id.***

Because the discretionary aspects of the sentence were not timely challenged below, and because Appellant failed to challenge the order of the PCRA court to the extent it denied reinstatement of Appellant's post-sentence rights,[1] we are constrained to conclude that Appellant waived his challenge to the discretionary aspects of the sentence. ***See McAfee***, ***supra***.

_____

[1] A defendant is not automatically entitled to reinstatement of his/her post-sentence rights *nunc pro tunc* when the court reinstates his/her direct appeal rights *nunc pro tunc*. A PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves he was deprived of the right to file and litigate. ***See Commonwealth v. Liston***, 977 A.2d 109 (Pa. 2009); ***Commonwealth v. Fransen***, 968 A.2d 154 (Pa. Super. 2009). Instantly, Appellant pled ineffective assistance of counsel as the reason for not challenging the discretionary aspects of the sentence at earlier

Judgment of sentence affirmed.


Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/14/19</u>

---

stages. After holding a hearing on the matter, the PCRA court denied the reinstatement of Appellant's post-sentence rights. Appellant, however, did not challenge that ruling.

In a footnote, Appellant acknowledges that, absent a proper and timely challenge to the discretionary aspects of the sentence, the claim cannot be reviewed on appeal. Appellant's Brief at 13, n.2. Nonetheless, Appellant suggests that we can entertain the instant challenge, despite the acknowledged deficiencies, due to the "unique procedural history." ***Id.*** In support, Appellant cites, without any explanation, ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). Reliance on ***Tirado*** is misplaced. First, in ***Tirado*** there is no indication of any procedural abnormality, let alone one giving rise to some sort of exception to the general rule as acknowledged by Appellant. Second, in ***Tirado***, we found that Appellant properly challenged the discretionary aspects of the sentence by filing a timely motion for reconsideration of sentence. Accordingly, reliance on ***Tirado*** is misplaced.