**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALPH E. HAUCK, JR. | : | |
| | : | |
| Appellant | : | No. 848 MDA 2021 |

Appeal from the Judgment of Sentence entered April 6, 2021,
in the Court of Common Pleas of Union County,
Criminal Division at No(s):  CP-60-CR-0000006-2020.

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  JANUARY 19, 2022**

Ralph E. Hauck, Jr., appeals from the judgment of sentence imposed following his conviction for two counts of persons not to possess a firearm,[1] and various summary offenses under Pennsylvania's Game and Wildlife Code.[2] We affirm.

The relevant factual and procedural background of this matter can be summarized as follows.  On November 23, 2019, State Game Warden, Harold Cole, encountered Hauck while Hauck was hunting with a rifle.  A few hours after that encounter, Warden Cole was informed that Hauck was a person not

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 6105(a)(1),

[2] **See** 34 Pa.C.S.A. §§ 2307(a), 2308(a)(7), 2504(a), 2314(b).

to possess a firearm. Later that same day, Warden Cole again encountered Hauck and confiscated his rifle. Hauck denied being a person not to possess and claimed that it was his brother who was prohibited from possessing or using a firearm. Warden Cole indicated that he would be investigating the matter. The warden returned the rifle to Hauck, and admonished him not to use or possess a firearm until the matter was resolved. Thereafter, Warden Cole contacted the district attorney, who confirmed that Hauck had prior convictions which rendered him a person not to possess a firearm.

On December 4, 2019, less than two weeks after his encounter with Hauck, Warden Cole received a report that an individual had unlawfully shot a deer from the roadway. When Warden Cole arrived at the scene, he found a dead deer on the road behind Hauck's vehicle. Upon questioning, Hauck admitted to Warden Cole that he had shot the deer from his vehicle while on the roadway, and then trespassed on private property to retrieve and tag it. The warden observed a rifle on the front seat of Hauck's vehicle and recognized it as the same rifle he had briefly confiscated from Hauck on November 23, 2019. Hauck was arrested and charged with two counts of persons not to possess a firearm, and multiple violations of Pennsylvania's Game and Wildlife Code, including unlawful taking or possession of game or wildlife, unlawful devices and methods, shooting on or across highways, and trespass on private property.

A bench trial was conducted on January 29, 2021. At trial, the Commonwealth introduced evidence of the above incidents. Hauck did not testify, and his counsel did not contest that Hauck hunted with a rifle on the dates in question. Hauck stipulated to the admission of his criminal record and to the convictions which prevented him from possessing or using a firearm. At the conclusion of trial, the court found Hauck guilty of all charges. On April 6, 2021, the trial court sentenced Hauck to concurrent prison terms of five to ten years on the two firearm charges. No additional sentence was imposed on the summary offenses under the Game and Wildlife Code. Hauck filed a post-sentence motion which the trial court denied. Hauck filed a timely notice of appeal, and both Hauck and the trial court complied with Pa.R.A.P. 1925(a).

Hauck raises the following issues for our review:

1. Did error occur where conviction occurred despite [Hauck] not believing that he had any precluding convictions, thus there was no *mens rea*?

2. Did error occurred [*sic*] where [Hauck's] prior record score (PRS) included enumerated convictions which were elements of the convicting offenses under 18 Pa.C.S.A. § 6105 and thus should not have been included in the PRS?

Hauck's Brief at 5.

In his first issue, Hauck contends that the evidence was insufficient to support his convictions under § 6105 of the Crimes Code because the Commonwealth failed to prove that he had the requisite *mens rea* to commit

- 3 -

the crime of persons not to possess a firearm. Our standard of review of sufficiency claims is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

Section 6105 provides in relevant part as follows:

A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

Section 6105(a)(1) does not contain a specific *mens rea* requirement. However, there is no indication the legislature intended to impose strict liability for the crime. Where, as here, a statute is silent as to *mens rea*, the default culpability requirements set forth in 18 Pa.C.S.A. § 302(c) should apply. Section 302(c) provides:

(c) Culpability required unless otherwise provided.--When the culpability sufficient to establish a material element of an offense

- 4 -

is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto.

18 Pa.C.S.A. § 302(c).

Applying § 302(c) to the terms of § 6105(a), we find that, in order to secure a conviction for persons not to possess a firearm, the Commonwealth must prove that the defendant (1) had been previously convicted of a disabling offense enumerated in § 6105(b), and (2) "intentionally, knowingly, or recklessly" possessed or used a firearm. **See** 18 Pa.C.S.A. § 6105(a)(1), (b).

Hauck does not dispute that his prior convictions fall within the scope of § 6105(b) such that he was prohibited from possessing or using a firearm. Instead, Hauck directs this Court to the comments he made at his sentencing hearing regarding his belief that he did not break the law, did not intend to break the law, did not do anything out of the ordinary, and that he genuinely believed that he did not have multiple convictions on his record. **See** Hauck's Brief at 10 (citing N.T., 4/6/21, at 6-10). Based on the comments he made at sentencing, Hauck claims that the Commonwealth failed to establish his *mens rea* to violate § 6105.

Initially, we observe that the comments that Hauck made at his sentencing hearing, which took place several months after his trial, do not constitute evidence that this Court may consider when reviewing the sufficiency of the evidence supporting his convictions. In any event, as explained above, the Commonwealth was not required to prove that Hauck

- 5 -

knew that he was a person not to possess on the dates in question. Rather, the Commonwealth was required to prove only that Hauck had been previously convicted of a disabling offense listed in § 6105(b), and that he intentionally, knowingly, or recklessly possessed or used a firearm.

At trial, the evidence was undisputed that Hauck's prior criminal record included felony convictions which precluded him from possessing or using a firearm. One such conviction was a 2012 conviction for possession of firearms and ammunition by a convicted felon. **See** 18 U.S.C. § 922(g).[3] Hauck pleaded guilty to this offense and was sentenced to two years in prison followed by three years of probation. The evidence was also undisputed that Hauck possessed a rifle with the intention of hunting with it on two separate occasions.

Based on our review, the evidence, when viewed in the light most favorable to the Commonwealth as the verdict winner, established that Hauck was prohibited from possessing or using a firearm and that he intentionally, knowingly, or recklessly possessed or used a firearm on the dates in question. **See Commonwealth v. Moore**, 49 A.3d 896, 903 (Pa. Super. 2012) (holding for purposes of a conviction under § 6105 "mere possession, along with the prior conviction, does establish the element of the crime"), *vacated on other grounds*, 103 A.3d 1240 (Pa. 2014); **see also Commonwealth v. McClellan**,

---

[3] At trial, Hauck stipulated that his federal conviction under 18 U.S.C. § 922(g) was equivalent to an offense enumerated in § 6105(b).

178 A.3d 874, 879-80 (Pa. Super. 2018) (holding that evidence was sufficient to support possession conviction where DNA evidence indicated that the appellant had handled a firearm that was found in an area of his residence to which he had access). Accordingly, we find no merit in his sufficiency argument attacking his convictions under § 6105(a)(1).

In his second issue, Hauck contends that the trial court abused its discretion by using a PRS which improperly included prior convictions that were elements of the firearms charges under § 6105. This claim presents a challenge to the discretionary aspects of Hauck's sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

In the instant case, Hauck filed a timely notice of appeal. However, Hauck did not challenge the PRS calculation at sentencing or in in his post-sentence motion. *See Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004) (holding that "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. . . . Absent such efforts, an objection to a discretionary aspect of a sentence is waived" (quotation marks and citation omitted)). Thus, Hauck failed to preserve his second issue for our review.

Having determined that Hauck's issues warrant no relief, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judge Pellegrini joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/19/2022